IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN FOX, | ) | |
| | ) | No. 19 CV 238 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey I. Cummings |
| MANHATTAN MECHANICAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the motion by defendant Manhattan Mechanical Services, LLC ("MMS") for a contempt finding and sanctions against Zain Razvi d/b/a/ "Dr. Z's" online pharmacy. (Dckt. #47). For the reasons stated below, defendant's motion is granted.

**I.     BACKGROUND**

Plaintiff Brian Fox brings this lawsuit alleging that MMS violated the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., by failing to accommodate his disability and unlawfully terminating his employment. In particular, Fox asserts that he experiences severe pain as a consequence of a post-surgical infection and that he requires prescription opioid medication to control the pain so that he can work. Although MMS initially accommodated his disability by allowing him to take the prescribed pain medication, Fox alleges that MMS ultimately refused to permit him to return to work and terminated him for the stated – but false – reason that it was reducing its work force. MMS denies these allegations.

During the course of discovery, Fox provided an interrogatory answer which identified four pharmacies from which he obtained his prescription pain medications: CVS, Meijer,

1

Walgreens, and "Dr. Z's" online pharmacy. (Dckt. #41 at 1). MMS served subpoenas on these pharmacies and received responses from the first three of the four and they provided records of prescriptions between 2014 and 2016 and between 2018 and 2019. Dr. Z's, however, did not respond and MMS believes that Fox obtained his prescription medication from Dr. Z's exclusively in 2017.

On July 29, 2020, defense counsel issued two subpoenas *duces tecum* to Zain Razvi at 14924 West Lamoille Drive, Surprise, Arizona 85374-4406 (the "Arizona address")[1] and at 9826 Forestview Court, Mokena, Illinois 60448 (the "Illinois address"). (Dckt. #41 at 4-9, 12-17). The subpoenas, which are substantially identical, instructed Razvi to produce the following documents by August 19, 2020:

> [a]ll records, prescriptions, documents and other information relating in any way to the treatment of Brian Fox (SSN xxx-xx-xxxx; Birth Date xx/xx/xxxx) from 2014 to the present at Dr. Z's Pharmacy. On information and belief, Dr. Z's Pharmacy['s] location is 14322 S. Will-Cook Road, Homer Glen, IL.

(Dckt. #41 at 4, 12).[2] The subpoenas also attached HIPAA release forms that were executed by Fox. Defense counsel served both subpoenas by certified mail and the return receipt cards show

---

[1] A Warranty Deed in Trust available on the Maricopa County Recorder's Office's website lists Razvi's address as 14924 West Lamoille Drive, Surprise AZ 85374. *See* Maricopa County Recorder's Office, https://recorder.maricopa.gov/UnOfficialDocs/pdf/20060961924.pdf (last accessed on August 12, 2021); *see also Spitzer v. Aljoe,* No. 13-CV-05442-MEJ, 2016 WL 3275148, at *4 (N.D.Cal. June 15, 2016) (holding that the courts can take judicial notice of deeds of trust recorded by county recorder offices).

[2] Records from the Office of the Illinois Secretary of State indicate that Razvi was the president and agent of MedCounsel Pharmacy Corp. d/b/a/ Dr. Z's Pharmacy, which was involuntarily dissolved on October 11, 2019, and that Razvi's listed address was 14322 S. Will-Cook Road, Homer Glenn, IL 60491. *See* Office of the Illinois Secretary of State, https://apps.ilsos.gov/corporatellc/CorporateLlcController (last accessed on August 11, 2021); *see also Varricchio v. Chalecki,* 3:14-CV-00937 (MPS), 2016 WL 5422046, at *4 (D.Conn. Sept. 28, 2016) (citing cases and holding that courts may take judicial notice of online secretary of state records), *aff'd,* 701 Fed.Appx. 65 (2d Cir. 2017).

that they were successfully delivered to the Arizona and Illinois addresses. (Dckt. #41 at 10, 18).[3]

On September 1, 2020, after the August 19 compliance deadline passed without any communication from Razvi, defense counsel sent a letter to Razvi at both the Illinois and Arizona addresses stating that he would file a petition for a rule to show cause why Razvi shall not be held in contempt of court if he did not comply with the subpoenas by September 18, 2020. (Dckt. #41 at 20). The September 1 letters were sent via certified mail and the return receipts indicate that the letters were delivered to both the Illinois and Arizona addresses. (*Id.* at 21-22).[4]

Razvi did not comply with the subpoenas or respond to defense counsel's September 1 letters by September 18. Accordingly, that same day, MMS filed its petition for a rule to show cause, noticed the petition for a hearing on September 29, and mailed a copy of the petition to Razvi at both the Illinois and Arizona addresses. (Dckt. #41; Dckt. #42). On September 29, 2020, the Court held a telephonic hearing on the petition and entered the following order:

> Motion hearing held. Zain Razvi d/b/a/ 'Dr. Z's' online pharmacy (the subpoenaed party) is ordered to comply with Defendant's subpoena on or before 10/13/20. If the subpoenaed party fails to comply with this order without justification, the Court will hold the subpoenaed party in contempt of Court and impose appropriate sanctions. Defense counsel is ordered to serve a copy of this order to the subpoenaed party by registered mail to both the Mokena, Illinois and Surprise, Arizona addresses listed in defendant's notice of motion and by email (if known).

(Dckt. #45).

On September 30, 2020, defense counsel sent an explanatory cover letter, a copy of the Court's September 29 Order, and copies of the July 29 subpoenas to Razvi at both the Illinois

---

[3] A person named Jeanette Cross accepted delivery of the subpoena sent to the Arizona address; however, the signature and printed name of the person who accepted delivery of the subpoena at the Illinois address is illegible. (*Id.*).

[4] The names of the individuals who signed the certified mail receipts for the letters sent to both addresses are illegible.

3

and Arizona addresses. (Dckt. #47 at 6). Counsel's cover letter reiterated the Court's admonition that Razvi would be held in contempt if he failed to comply with the subpoenas by October 13. (*Id.*). The return receipts indicate that "Zain Razvi" himself signed for defense counsel's September 30 package at the Arizona address on October 9 and that an unknown person signed for the September 30 package at the Illinois address. (Dckt. #47 at 11, 10). Razvi did not respond to the subpoenas by October 13 (as this Court had ordered) or by November 16 (the date when MMS filed the instant motion). Indeed, Razvi still has not complied with the subpoenas through the date this memorandum opinion and order is being issued.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 45(g) explicitly grants courts in the district where compliance is required with authority to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed.R.Civ.P. 45(g); *Boehm v. Scheels All Sports, Inc.*, No. 15-cv-379-jdp, 2016 WL 6124503, at *2 (W.D.Wis. Oct. 20, 2016). "Due process requires that a person facing contempt sanctions be given adequate notice and fair opportunity to be heard in civil contempt proceedings." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 696-97 (7th Cir. 2010). To this end, proof that the subpoena was served is essential. *See, e.g., Vantage Hosp. Grp., Inc. v. The Waterbury Grp., Inc.,* No. 06-15364, 2008 WL 2714175, at *1 (E.D.Mich. July 7, 2008) (vacating an order to show cause where non-party denied that it was served with the subpoena and the moving party did not demonstrate that it was).

Furthermore, the party moving for a finding of contempt must establish by clear and convincing evidence that (1) there exists a clear court order; (2) "the alleged contemnor violated" that order; "(3) the violation was significant, meaning the alleged contemnor did not substantially

comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *Hyatt*, 621 F.3d at 692; *Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 474 (7th Cir. 2015) (same). Once the moving party has met its burden, the burden then shifts to the alleged contemnor to demonstrate by clear and convincing evidence "that he or she took every reasonable step to comply and to explain why compliance was not possible." *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D.Nev. 2012), *report and recommendation adopted*, No. 3:10-CV-00716-RCJ, 2012 WL 1833393 (D.Nev. May 18, 2012); *Dallas Buyers Club, LLC v. Doe–71.238.61.141*, No. 3:16-CV-00551-AC, 2016 WL 6208268, at *2 (D.Or. Oct. 21, 2016) (same); *Tracfone Wireless, Inc., v. LaMarsh,* 307 F.R.D. 173, 176 (W.D.Pa. 2015) (contemnor must "show by clear and convincing evidence that he is presently unable to comply" with the order) (citing to *United States v. Rylander,* 460 U.S. 752, 757 (1983)).

When a finding of contempt is warranted, "[c]ourts have broad discretion to fashion contempt remedies and the particular remedy chosen should be 'based on the nature of the harm and the probable effect of alternative sanctions.'" *F.T.C. v. Trudeau,* 579 F.3d 754, 771 (7th Cir. 2009), *quoting Connolly v. J.T. Ventures,* 851 F.2d 930, 933 (7th Cir. 1988). "Civil contempt sanctions are designed for the dual purpose of compelling compliance with a court order and compensating the complainant for losses caused by contemptuous actions." *Autotech Techs. LP v. Integral Rsch. & Dev. Corp.,* 499 F.3d 737, 752 (7th Cir. 2007) (internal quotation marks omitted). When the purpose of the civil contempt sanction is to force the contemnor to comply with the court's order, "the court must consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* (internal quotation marks and citations omitted). Furthermore, "[a] coercive sanction must afford the contemnor the opportunity to 'purge,' . . .

5

meaning the contemnor can avoid punishment by complying with the court order." *Trudeau,* 579 F.3d at 769 (citation omitted). Finally, the court should "narrowly tailor any remedy so that the relief provided is coercive." *Mon Ros Int'l for Gen. Trading & Contracting, W.L.L. v. Anesthesia USA, Inc.,* No. 17 C 7365, 2019 WL 132596, at *4 (N.D.Ill. Jan. 8, 2019).

**III.    ANALYSIS**

In its motion, MMS asserts that Razvi should be held in contempt for his failure to comply with this Court's September 29 Order – which directed Razvi to comply with MMS's subpoenas by October 13, 2020. (Dckt. #47 at 1). The evidence discussed above in Section I shows that MMS has met its burden of showing by clear and convincing evidence that Razvi should be held in contempt. In particular: (a) MMS served Razvi at the Arizona address with a copy of this Court's September 29 Order and copies of its subpoenas by certified mail;[5] (b) the directives in the Court's September 29 Order are clear and unambiguous; (c) Razvi wholly failed to comply with the September 29 Order; and (d) there is no evidence that Razvi made any effort at compliance or responded in any way to MMS's inquires or this Court's orders.

The next question is the appropriate remedy.[6] In this instance, the appropriate sanction will be designed for the purpose of compelling compliance with this Court's September 29 Order as there is no indication that MMS has suffered any losses based upon Razvi's contemptuous actions. *Auto Techs,* 499 F.3d at 752. To this end, the Court orders as follows. First, MMS is ordered to serve a copy of this memorandum opinion and order and accompanying minute order

---

[5] The Court discounts MMS's efforts to serve Razvi at the Illinois address given that the names of the persons who signed for the subpoenas and court order are illegible on the certified mail receipts and there is no apparent connection between Razvi and this address. Consequently, the Court finds that MMS has failed to prove by clear and convincing evidence that it served Razvi at this location.

[6] The Court notes that MMS's motion provides no assistance on this issue and simply asks for this Court "to impose appropriate sanctions." (Dckt. #47 at 2).

on Razvi at the Arizona address[7] and to thereafter file its proof of service with the Court. Razvi will have fourteen days from the date he is served in which to fully comply with the subpoenas or to show by clear and convincing evidence as to why compliance is impossible. *See, e.g., Tracfone Wireless,* 307 F.R.D. at 176 (citing to *Rylander,* 460 U.S. at 757). This grace period will provide Razvi with an opportunity to "purge" himself of contempt. *Trudeau,* 579 F.3d at 769; *Musalli Factory For Gold & Jewelry Co. v. New York Fin. LLC,* No. 06 CIV 82 (AKH), 2010 WL 2382415, at *4 (S.D.N.Y. June 14, 2010) (providing contemnor with "one last opportunity to come into compliance with this Court's orders and with the subpoena").

If Razvi fails to purge himself of contempt prior to the expiration of the grace period, the Court will impose a fine on Razvi in the amount of $200 a day payable to the Clerk of the Court for the Northern District of Illinois until he complies with the subpoenas. *See, e.g., Tracfone Wireless,* 307 F.R.D. at 176 (imposing a fine of $200 per day until compliance is obtained); *Pettengill v. Cameron,* No. 17-CV-677-BBC, 2018 WL 4039333, at *2 (W.D.Wis. Aug. 23, 2018) (same); *United States v. Iacona,* No. 11-CR-30120-SMY, 2020 WL 6161171, at *2 (S.D.Ill. Oct. 21, 2020) (imposing a fine of $250 per day until compliance is obtained); *see also High Tech Nat'l, LLC v. Stead,* No. MC 19-191, 2020 WL 3605286, at *4 (E.D.Pa. July 2, 2020) (noting that such fines are payable to the Clerk of the Court), *motion for relief from judgment denied,* No. MC 19-191, 2020 WL 5076796 (E.D.Pa. Aug. 27, 2020). MMS will be required to immediately inform the Court if Razvi brings himself into compliance and it shall file weekly status reports for the first twenty-eight days after the fines are imposed. *See High Tech Nat'l,*

---

[7] Ideally, MMS should serve Razvi personally so that there is no doubt that he receives the Court's rulings. MMS can, at its discretion, serve him by certified mail. However, if the certified mail return receipt is not executed by Razvi himself, MMS must explain in its proof of service how the person who executed the receipt is associated with Razvi.

2020 WL 3605286, at *4. Thereafter, MMS may petition the Court for an extension of the daily fine or other appropriate relief. *Id.*

The Court is hopeful that Razvi will purge himself of contempt and that the above sanctions will not be necessary. Nonetheless, it is imperative that Razvi comply with the Court's September 29 Order and MMS's subpoenas unless he can meet his burden of proof to show that compliance is impossible.

## CONCLUSION

For the reasons stated above, defendant's motion for a contempt finding and sanctions against Zain Razvi d/b/a/ "Dr. Z's" online pharmacy (Dckt. #47) is granted. Defense counsel is ordered at his earliest convenience to serve a copy of this memorandum opinion and order and the accompanying minute order on Zain Razvi at 14924 West Lamoille Drive, Surprise, Arizona 85374-4406.

**ENTERED: August 13, 2021**

**Jeffrey I. Cummings**
**United States Magistrate Judge**